UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-23657-KMW

MOHAMED KAMARA,

    Plaintiff,

v.

CAINE & WEINER COMPANY, INC.,

    Defendant.

_____/

**DEFENDANT, CAINE & WEINER COMPANY, INC.'S MOTION FOR STAY**

COMES NOW, the Defendant, Caine & Weiner Company, Inc. ("CWC" or "Defendant") pursuant to Rule 8, *Federal Rules of Civil Procedure*, and this Court's inherent authority, by and through its undersigned counsel, and respectfully moves this Court to stay proceedings in the above action, and in support thereof states as follows:

**I.   BACKGROUND**

1. On September 7, 2021, Plaintiff initiated the instant individual action against Defendant, Caine & Weiner Company, Inc., in the County Court in and for Miami-Dade County, Florida, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA"), and the Florida Consumer Collection Practices Act, *et. seq.*, Florida Statutes (the "FCCPA"). *See generally* [**DE 1-2**].

2. On October 18, 2021, Defendant removed this action to this Court based on the federal question over which this Court has original jurisdiction.

3. The crux of Plaintiff's argument is that CWC allegedly violated Section 1692c(b) by communicating Plaintiff's information to a third-party vendor for generation of the debt

1

collection letter: *"On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party."* **[DE 1-2, at ¶ 20]**. *"The Third Party of whom Defendant transmitted Plaintiff's personal information to, compiled Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the consumer debt."* **[DE 1-2, at ¶ 22].**

4. These types of cases stem from the *Hunstein*[1] decision that initially came down on April 21, 2021. On October 28, 2021, the three-judge panel in the 11th Circuit upheld its April 21, 2021, decision and reaffirmed that Hunstein has Article III standing to bring his claim under §1692(b) and that Preferred's transmittal of Hunstein's personal debt-related information to CompuMail constituted a communication "in connection with the collection of any debt" within the meaning of §1692(b)'s key phrase. *Hunstein v. Preferred Collection and Management Services, Inc.,* No. 19-14434 (11th Cir. filed Oct. 28, 2021).

5. In the *Hunstein* matter, on November 17, 2021, the 11th Circuit issued a Memorandum to Counsel or parties that advised them that under Rule 35, *Eleventh Circuit Rule*, it was granting rehearing *en banc* to vacate the previous opinion and judgment the 11th Circuit previously found and to stay the mandate. *See* attached and marked as "Exhibit A."

6. Rule 35, *Eleventh Circuit Rule,* gives the Court the authority to order that an appeal or other proceeding be heard or reheard by the court of appeals *en banc*. An *en banc* hearing or rehearing is not favored and ordinarily will not be ordered unless: 1) *en banc* consideration is necessary to secure or maintain uniformity of the court's decisions; or 2) the proceeding involves a question of exceptional importance.

7. It is Defendant's position that this matter is a question of exceptional importance.

---

[1] *See generally: Hunstein v. Preferred Collection and Management Services, Inc.,* 2019 U.S. Dist. LEXIS 187061; 2019 WL 5578878 (M.D. Fla. 2019).

8. During the pendency of the Eleventh Circuit's review of the case, Judge Thomas Barber has issued stays pending appellate consideration in *Grant v. Healthcare Revenue Recovery Group, LLC*, 8:21-cv-01977-TPB-CPT (October 21, 2021, Dk.26), and *Topalli v. North American Collection Services*. 8:21-cv-01514-TPB-SPF (August 19, 2021, Dk. 15). Presently, these stays remain in place.

9. As a result of the Memorandum to Counsel or parties, *Hunstein* is again pending in the 11th Circuit, awaiting a full panel *en banc* rehearing that should result in an appellate decision that would specifically address the lack of Article III standing argument and should also address the question if the communication constituted a communication "in connection with the collection of any debt" within the meaning of §1692c(b). As such, the Eleventh Circuit has vacated the previous panel decision and stayed the mandate pending full consideration of the appeal.

10. While *Hunstein* remains at issue in the 11th Circuit, Defendant seeks a stay of this case as the outcome of this case is impacted by the eventual appellate decision from the Court's *en banc* review.

II. **MEMORANDUM OF LAW**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Eleventh Circuit has held that a district court's decision to stay a case is reviewed under an abuse of discretion standard. *Moses H. Cone Mem'l Hosp v. Mercury Constr. Corp*, 460 U.S. 1, 28 (11th Cir. 1998). *See also, Clinton v. Jones*, 520 U.S. 681 (1997) (discussing district court's "broad discretion to stay proceedings as an incident to its power to control its own docket"). This Court may exercise its discretion to avoid such unnecessary expenditures of time and resources by ordering a stay of

proceedings. *Id*; *see also Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

11. In determining whether a stay is appropriate, courts examine the following four factors: (1) the likelihood of the moving party ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest. *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987).

12. Here, Defendant is seeking a stay of this action to avoid the potential for harm because the issues surrounding this litigation are pending in the *Hunstein* matter.

13. Further a moderate delay here will free up judicial resources without any unfair prejudice or burden on the Plaintiff or the Defendant.

14. However, a denial of the Defendant's request for stay could result in the accumulation of litigation fees and costs related to this case as it is still in the infant stages.

15. Both parties will be harmed if required to engage in potentially superfluous litigation in this matter.

16. A stay of this action is in the best interests of the parties, the judiciary, and the public as it will preserve further use of the Court's resources.

### III. LOCAL RULE 7.1(a)(3) CERTIFICATION

A) I, Ernest Kohlmyer, as counsel for Defendant and the movant as to the Motion to Stay conferred with Plaintiff, through counsel, Jibrael S. Hindi, Esquire.

B) The parties do not agree to a resolution of all or part of Defendant's Motion to Stay, and:

C) The Defendant's Motion to Stay is opposed. The conference took place through email correspondence on November 17, 2021.

## III. CONCLUSION

For the foregoing reasons, this Honorable Court in its discretion, should grant this Motion and enter an order staying proceedings until the Eleventh Circuit has issued an opinion from its *en banc* review of the *Hunstein* appeal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **November 18, 2021**, with the Clerk of the Court by using the electronic filing system. I further certify that the foregoing has been sent via electronic transmission to the following: Jibrael S. Hindi, Esquire at jibrael@jibraellaw.com, and Thomas J. Patti, Esquire at tom@ jibraellaw.com *(Attorneys for Plaintiff).*

    */s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Caine & Weiner Company, Inc.*